IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

STACY LEON BUTLER,                          :
                                            :
        Petitioner,                         :
                                            :        6: 02-CR-17-002 (HL)
        VS.                                 :        28 U.S.C. § 2255
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
        Respondent.                         :
                                            :

## ORDER AND RECOMMENDATION

Petitioner filed a Rule 60(b) Motion on August 23, 2013. (Doc. 102). On November 19, 2013, the Court notified Petitioner that it intended to recharacterize the Rule 60(b) Motion as a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 104). Petitioner was given notice pursuant to *Castro v. U.S.*, 540 U.S. 375, 381-83 (2003), and was instructed to either withdraw his Motion for Sentence Reduction, or amend his Motion to assert any additional claims. (*Id.*). Petitioner filed an Amended Motion, adding grounds to his Motion, and has also filed a Motion requesting the Court replace his Rule 60(b) Motion with that 2255 Motion and Brief. (Docs. 105, 106).

Petitioner's Rule 60(b) Motion and Amended Motion (Docs. 102, 105) are deemed **WITHDRAWN** pursuant to Petitioner's request, and Petitioner's 2255 Motion and Brief (Doc. 106) replace Petitioner's Rule 60(b) Motion and Amended Motion. Petitioner's Motion to Vacate (Doc. 106) is now before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner was indicted in this Court on October 31, 2002, on charges of bank robbery by force or violence, and use of a firearm during the commission of a crime of violence. *U.S. v.*

*Butler*, Criminal Action No. 6:02-CR-17-002 (Doc. 1). On October 29, 2003, Petitioner pleaded guilty to both counts. (Docs. 61, 62). On January 29, 2004, Petitioner was sentenced to 155 months imprisonment, to be followed by 5 years of Supervised Release. (Docs. 72, 78). Petitioner's conviction became final on February 9, 2004, ten (10) days after the entry of judgment on January 29, 2004, when the time for filing a notice of appeal expired.[1,2] On August 23, 2013, Petitioner filed his Rule 60(b) Motion, which has been replaced with Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255. (*See* Docs. 102, 104, 106).

Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period ran on February 9, 2005, which is 1 year after Petitioner's judgment became final. Petitioner did not file this habeas Petition until August 23, 2013, which was more

---

[1] The ten (10) day time period expired on Sunday, February 8, 2004, giving Petitioner until February 9, 2004 to file his notice of appeal.

[2] When the district court's judgment was entered in Petitioner's case, Federal Rule of Appellate Procedure 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

than eight and one-half years after the limitations period had run. Petitioner has failed to provide any argument or evidence to show that his Petition is timely filed. This § 2255 Motion is untimely filed, and it is the recommendation of the undersigned that Petitioner's § 2255 Motion (Doc.106) be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

## Miscellaneous Motions

### *Motion for Appointment of Counsel (Doc. 106)*

Petitioner has filed a Motion to Appoint Counsel, requesting the Court appoint him counsel due to the complexity of his case. (Doc. 106, p. 2). As the Court has recommended Petitioner's 2255 Petition be dismissed, Petitioner's Motion to Appoint Counsel is hereby **DENIED**. If the Recommendation is not adopted, the Court on its own motion will consider assisting Petitioner in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

### *Motion to Seal Case (Doc. 107)*

Petitioner has filed a Motion requesting that his case not be published so that it will not be viewable on the "prisoner nexus-lexus computer". The Court interprets this Motion as a motion to seal the case. "In both civil and criminal cases courts recognize a common-law public right of

access to judicial proceedings and records." *U.S. v. Bradley*, 2007 WL 1703232, *1 (S.D. Ga., June 11, 2007). "A party may overcome the presumption of public access by showing an overriding interest based on findings that closure is essential to preserve higher values, and that the sealing is narrowly tailored to serve that interest." *Id.* at *2 (citing *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005)).

Petitioner has not provided sufficient information to show that it is appropriate to seal this case. Petitioner has stated that publishing the outcome of this case will jeopardize Petitioner's safety in prison. However, Petitioner has not alleged specific facts showing that his safety will be jeopardized as a result of the publication of this Recommendation or any final order entered by the district judge assigned to this case. In fact, the specific information Petitioner is concerned about being published is not referenced in this Order and Recommendation. Accordingly, Petitioner's Motion (Doc. 107) is hereby **DENIED**.

*Motion to Preserve Right to File (Doc. 108)*

Petitioner has also filed a Motion requesting the Court preserve his right to make future filings. Petitioner has provided no information to support this request, and he has not shown any need to preserve his ability to file future documents. Accordingly, Petitioner's Motion (Doc. 108) is **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 10th day of January, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf