**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA**

**STACEY LEON BUTLER,**

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Case No. 6:02-CR-17 (HL)

**ORDER**

    This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 109). Judge Langstaff recommends that Petitioner Stacey Leon Butler's habeas petition brought pursuant to 28 U.S.C. § 2255 be dismissed and that various motions by Petitioner be denied. Petitioner has filed *pro se* objections (Doc. 110) to the Recommendation. After making a *de novo* review of the Recommendation, the Court accepts and adopts it in full. The Court dismisses Petitioner's habeas petition and denies his miscellaneous motions.

    There is a one-year statute of limitations for filing a petition under § 2255, and Petitioner failed to file his petition within that year. The running of the limitations period is triggered by the latest date of various events, among which are "the date on which the judgment of conviction becomes final" and "the date on which the facts supporting the claim or claims presented [in the petition] could

have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The Magistrate Judge correctly concluded that the limitations period for Petitioner to file a § 2255 petition began running from the date his judgment of conviction became final in February 2004. Petitioner has not contended or presented evidence that he was unable to discover the facts supporting his claims in the petition until a later date, and the other triggering events listed in § 2255(f) do not apply. Since Petitioner did not file his petition until August 23, 2013, it must be dismissed as untimely.

Petitioner's motion for appointment of counsel (Doc. 106), motion to seal the case (Doc. 107), and motion to preserve his right to file (Doc. 108) are also denied. Because the habeas petition must be dismissed, there is no constitutional basis for providing Petitioner with counsel. As the Magistrate Judge observed in his Recommendation, Petitioner has not alleged any specific facts that would justify placing this case under seal nor has he pointed to any need for the Court to enter an order preserving his right to submit future filings.

The Court finds that Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Accordingly, the Court denies Petitioner's request for a certificate of appealability.

**SO ORDERED**, this the 5th day of February, 2014.

          ***s/ Hugh Lawson***
          **HUGH LAWSON, SENIOR JUDGE**

scr