**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff. | Case No. 6:02-CR-17-002 (HL) |
| v. | |
| **STACY LEON BUTLER,** | |
| Defendant. | |

**ORDER**

Before the Court is the United States' Motion to Amend Order.  (Doc. 166.)
The United States moves to amend Defendant Stacy Leon Butler's restitution order
to apply Butler's recent settlement in an unrelated civil case and other funds from
family members to his owed restitution. (Doc. 166; 168.)  For the following reasons,
the motion is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

Defendant Stacy Butler pleaded guilty to one count of armed bank robbery
and one count of brandishing a firearm during a crime of violence on October 29,
2003.  (Doc. 62.)   On January 29, 2004, Butler was sentenced to 155 months
imprisonment and required to pay $23,472.43 in restitution.  (Doc. 71.)  Judgment
was entered on February 9, 2004.  (Doc. 78.)

In 2011, Butler filed a Motion to Address the Court challenging the Bureau of Prisons' repeated attempts to procure quarterly restitution payments from Butler. (Docs. 93; 94.)  Butler argued that under the terms of his restitution order, he is not required to begin making payments towards his restitution obligation until after his release from prison.  The Court agreed.  On June 20, 2012, the Court therefore entered an Order clarifying that, while incarcerated, Butler is not required to make restitution payments.  (Doc. 97.)

On March 30, 2021, Butler filed a complaint against the United States under the Federal Torts Claim Act, 28 U.S.C. § 2674, in the Middle District of Pennsylvania. *Butler v. United States*, No. 3:21-cv-578-RDM-CA (M.D. Pa.); (Doc. 166-1.)  Butler alleged he was injured when federal prison staff administered his cellmate's medication to him instead of his own prescription.  *Id.*  The parties reached a settlement agreement through an appointed mediator, and the case was dismissed on December 16, 2021.  *See*  Doc. 37, *Butler v. United States*, No. 3:21-cv-578-RDM-CA (M.D. Pa.)

The United States filed the present motion on January 26, 2022, seeking to amend Butler's restitution order to require application of Butler's settlement from the Pennsylvania case to his owed restitution.  (Doc. 166.)  The United States expanded its motion to seek other funds from Butler in its reply brief.  (Doc. 168.)

## II. DISCUSSION

### A. Butler's Settlement

The United States argues that Butler's settlement must be applied to his owed restitution pursuant to 18 U.S.C. § 3664(n), which provides: "if a person obligated to provide restitution … receives substantial resources from any source, including inheritance, settlement, or other judgment during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." § 3664(n); *see also United States v. Giles*, 819 F. App'x. 899 (11th Cir. 2020). Butler raises and repeats several arguments against the application of his settlement to his owed restitution throughout his filings: (1) it would be a breach of contract, an abuse of authority, and fraud upon the Court to modify the restitution order (Doc. 167 at 1); (2) there is not a lien on his property pursuant to 18 U.S.C. § 3613(c)-(d) because there was no notice of a lien entered upon the record (Doc. 169 at 1); (3) an Assistant U.S. Attorney involved in the civil case "agreed upon the record that … Mr. Butler['s] restitution was void at this time" and would not apply to the settlement (Doc. 167 at 1); and (4) § 3664(n) only applies to "persons [who] were ordered per judgment to make payments while" incarcerated (Doc. 169 at 1). Each of these arguments fail.

First, it is not a breach of contract, an abuse of authority, nor fraudulent for the United States to move to amend a restitution order or for the Court to amend a restitution order. Modification of a restitution order may be appropriate upon any material change in the defendant's ability to pay his owed restitution, and the United States is free to move for such modifications. *See* 18 U.S.C. § 3664(k) (providing that the Court may on its own motion or the motion of a party modify a restitution

order in light of a material change in the defendant's economic circumstances); 18 U.S.C. § 3664(m)(1)(A) (providing that the government may use all "available and reasonable means" to enforce full and timely restitution).

Second, the absence of a notice of lien upon the record does not restrict the Court's ability to amend a restitution order pursuant to § 3664(n).  In fact, notice is not required for a lien created by a restitution order to be valid.  A lien in favor of the United States "arises on the entry of judgment" requiring restitution and can be enforced against "all property and rights to property of the person fined."  § 3613(c). A notice of lien validates the lien against "any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor," with exceptions for exempt property, but "generally speaking, … [the] government [is not required] to record the lien for it to gain priority over third parties."  § 3613(d); *United States v. Smith*, 768 F. App'x. 926, 932 (11th Cir. 2019)

Third, Butler's argument regarding a U.S. Attorney's statements during settlement negotiations are thin and, more importantly, have no bearing on this motion.  Butler supports his allegations that an Assistant U.S. Attorney told him his settlement would not be affected by his restitution order with a personal affidavit and what appears to be the signature page of the settlement agreement, signed only by Butler and not the attorney in question.  Butler's affidavit "aver[s] that [the U.S. Attorney] was given a true copy of [the Court's previous order regarding restitution payments (Doc. 97)] and that he agreed that the restitution per the order was void of any payment in light of receiving settlement from a civil complaint."  (Doc. 167-1.)

-4-

Although Butler claims that the attorney agreed "upon the record," a review of the record did not show any agreement that Butler's restitution was "void" or that the settlement could not be applied to owed restitution.  (Doc. 167 at 1); *see Butler v. United States*, No. 3:21-cv-578-RDM-CA (M.D. Pa.).  Even if Butler's claim was well-supported, the attorney's alleged statements appear simply to reflect an understanding that Butler's restitution order does not require repayment from any source during his incarceration, which is true.  Now, however, the United States moves to amend the restitution order.  Butler's claims about an attorney's prior statements in another case do not make this motion improper.

As to Butler's fourth argument, the language of § 3664(n) is not limited to "persons [who] were ordered per judgment to make payments while" incarcerated. (Doc. 169 at 1.)  The statute applies broadly to incarcerated people with obligations to pay restitution.  § 3664(n).  Butler's contention that he is not subject to § 3664(n) because he is not obligated to make restitution payments while incarcerated fails because he mistakes a deferred obligation for a lack of obligation.  Butler is still obligated to pay restitution.  His payments are merely deferred until his release from prison.  The plain language of § 3664(n) applies to Butler and requires that his settlement be applied toward his owed restitution.

Accordingly, the United States' motion (Doc. 166) is **GRANTED** as to Butler's settlement funds.

### B.  Butler's Other Funds

The United States additionally requests that other funds Butler received from family be applied to the owed restitution. (Doc. 168 at 2.) Butler explains in his response that these funds are from "children, family, friends, and siblings." (Doc. 167 at 2.) Unlike Butler's settlement, there is not a clear statutory requirement to apply Butler's other funds, from family or otherwise, to his owed restitution.

Section 3664(n) applies specifically to "*substantial* resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration." (emphasis added). Funds from family and friends are not necessarily substantial resources within the scope of § 3664(n).[1] Although Butler does refer to his funds from family members as substantial resources while quoting broadly from the statutory language, there is no basis in the record for a legal determination that the funds are substantial. (Doc. 167 at 2-3.) Butler does not clarify the amount of funds he received in his filings, and the United States does not substantively argue that the funds were substantial in its reply brief. As a result, the applicability of § 3664(n) to Butler's funds from family remains uncertain. The United States' argument that the funds Butler received from family constitute a material change in his ability to pay his court-ordered restitution fails for the same reason— there has

---

[1] Although the Eleventh Circuit affirmed the amendment of a restitution order to require the application of "[gradually accumulated money] from family [and] friends" to owed restitution in *United States v. Giles*, there are notable differences between Butler and the defendant in *Giles*. 819 F. App'x at 900. First, the defendant in *Giles* was ordered to pay his restitution "immediately" when he was orally sentenced, whereas the Court has found that Butler is not required to pay restitution until after his incarceration. *Id.;* (*see* Doc. 97 at 3.) Second, the defendant in *Giles* had a "substantial amount of cash" in his inmate account, while Butler's funds, as explained above, are uncertain. *Giles*, 819 F. App'x at 899.

been no showing that these funds amount to a material change in Butler's economic circumstances.

Moreover, when the Court previously considered whether Butler's restitution order required payments during his incarceration, it emphasized that Butler was enrolled in a financial responsibility program.   (Doc. 97 at 2.)   This program "encourage[es] each sentenced inmate to meet his or her legitimate financial obligations," provides assistance for inmates in developing financial plans, and allows potentially favorable review for inmates who positively participate in the program.   (*Id.* at 2-3 (citing 28 C.F.R. § 545.10).)   As articulated in the Court's previous order clarifying Butler's initial restitution order:

> The Court's development of a payment plan tailored specifically for Mr. Butler, as well as the optional nature of the BOP's financial responsibility program, convinces the Court that Mr. Butler is not obligated to make restitution payments while he is in prison. He may opt out of payments during his incarceration; however, according to his Schedule of Payments, he must begin monthly payments of $404.70 within sixty days of his release from prison.

(*Id.* at 3.)   The same considerations regarding Butler's tailored payment plan indicate that a modification requiring Butler to surrender funds that are not clearly implicated by § 3664(n), or any other authority, is inappropriate.   It amounts to requiring restitution payment during Butler's incarceration, and the Court has already confirmed that Butler is not obligated to begin paying restitution until he is released from prison.   The United States' motion (Doc. 166) is **DENIED** as to Butler's non-settlement funds.

## III. CONCLUSION

Accordingly, the United States' Motion to Amend Order (Doc. 166) is **GRANTED** as to Butler's settlement and **DENIED** as to Butler's other funds.[2] Butler's settlement shall be applied to his owed restitution.

**SO ORDERED** this 7th day of December, 2022.


_s/      Hugh      Lawson_____
**HUGH LAWSON, SENIOR JUDGE**

aem

---

[2] As the United States' motion is resolved by this order, Butler's pending motions opposing the amendment of his restitution order (Docs. 172; 173; 174; 175; and 176) are **DISMISSED as moot.**